**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DONALD E. BAIER**
Baier & Baier
Mount Vernon, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER MASTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 65A01-1108-CR-361 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE POSEY SUPERIOR COURT
The Honorable S. Brent Almon, Judge
Cause No. 65D01-1009-FA-367

**May 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Christopher Master appeals his sentence following his convictions for rape, as a Class B felony, and criminal deviate conduct, as a Class B felony, after Master pleaded guilty. Master raises two issues for our review:

1. Whether the trial court abused its discretion when it sentenced him.

2. Whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

At the beginning of September 2010, Master spent one week in jail for domestic battery against his partner of eighteen years, P.P. Upon his release from jail, on bail, on September 11, Master became intoxicated and returned to his home, which he shared with P.P. Master beat P.P. with his fists and a gumball machine, which broke into several pieces, and he pulled large chunks of her hair out and repeatedly bit P.P.'s face. Master then raped P.P. and forced her to engage in criminal deviate conduct. P.P. suffered serious injuries as a result of Master's attack. Master was arrested and charged later that same day.

On May 5, 2011, Master pleaded guilty to rape, as a Class B felony, and criminal deviate conduct, as a Class B felony, with sentencing left to the trial court's discretion. On July 26, the trial court entered its sentencing order, which it explained as follows:

> The offense[s were] committed by great force. The defendant chewed on the victim's face, repeatedly beat the victim with his fists, and pulled out large chunks of hair during the commission of the offenses. He beat her with a gum ball machine made of metal and glass. The victim was forced to flee her home naked and bleeding. The Defendant tackled her in the

2

front yard of the home in an attempt to prevent her from leaving before she was able to escape.

At the time of the offenses the defendant was on felony probation for a California felony conviction, Cruelty to the Elderly. The Defendant also had made bail on a misdemeanor charge of domestic battery to the same victim on the same day the offenses were committed. The Defendant's criminal record includes at least nine misdemeanor offenses including one on January 19, 2005[,] involving injury to a spouse. The Defendant has two other prior felony convictions that were property crimes. The Defendant had previously had probation revoked on at least three occasions.

The Defendant did plead guilty in this case. However[,] the Court believes the Defendant shows little true remorse and notes the Defendant has plead guilty in most if not all of his prior cases, yet continued to reoffend.

The Court sentences the Defendant on Count I—Rape, a Class B Felony, to twenty (20) years of incarceration in the Indiana Department of Correction and sentences the defendant on Count 2—Criminal Deviate Conduct, a Class B Felony, to eighteen (18) years of incarceration in the Indiana Department of Correction, each sentence to run consecutively [to] the other.

Appellant's App. at 94-95. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Abuse of Discretion

Master first contends that the trial court abused its discretion when it sentenced him. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds on reh'g, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

3

One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence— including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. . . .

[However, b]ecause the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court can not now be said to have abused its discretion in failing to "properly weigh" such factors.

Id. at 490-91.

On this issue, Master argues that "the trial court did not give sufficient weight" to his criminal history or his history of alcohol abuse. Appellant's Br. at 7. Master further argues that the court "failed to give due weight" to his remorse. Id. These are not valid arguments on appeal. Anglemyer, 868 N.E.2d at 490-91. Thus, we will not consider them.

Master also suggests that the trial court did not properly consider his guilty plea. To the contrary, the trial court expressly identified Master's guilty plea as a mitigating circumstance, although the court concluded that it was not significant in light of Master's lack of remorse and consistent history of pleading guilty without subsequently reforming his behavior. And Master's further comment that the court "failed to consider that the offenses of Rape and Criminal Deviate Conduct . . . should have been treated as one offense," Appellant's Br. at 7, is without cogent reasoning or citation to authority. It is, therefore, waived. Ind. Appellate Rule 46(A)(8)(a). In any event, rape and criminal deviate conduct are separate crimes of violence as a matter of law and, here, there is an

4

independent factual basis for both convictions. We cannot say that the trial court abused its discretion when it sentenced Master.

**Issue Two: Appellate Rule 7(B)**

Master next asserts that his sentence is inappropriate in light of the nature of the offenses and his character. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that her sentence is inappropriate in light of the nature of her offense and her character. See Ind. Appellate Rule 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

Moreover, "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal

5

role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

We cannot say that Master's thirty-eight-year aggregate sentence is inappropriate. Master has an extensive criminal history, including multiple felony convictions, and he committed the instant offenses while on bail for domestic battery against the same victim. He also committed his current crimes against P.P. while on probation for other convictions. Further, the nature and circumstances of Master's September 11 assault are egregious.

Neither are we persuaded by Master's arguments on appeal that he was an alcoholic, that he is remorseful, or that he is entitled to a lesser sentence because he is not "the most culpable offender" and he did not commit "the worst offense." Appellant's Br. at 7-8 (quotations omitted). He received an aggregate sentence two years below the maximum he could have received for consecutive Class B felony convictions. As such, he was not sentenced as if he were the worst offender or as if these were the worst offenses. We affirm Master's sentence.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.